UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § 1.411 ACRES OF LAND, more or less, in STARR COUNTY, TEXAS; JOSE GUTIERREZ; ROBERTO GUTIERREZ; and HECTOR GUTIERREZ, § § § § § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00307 |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the parties' "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-RGC-9064 and RGV-RGC-9064-1"[1] and determined that it warrants entry of this final judgment,[2] the Court **ORDERS, ADJUDGES**, and **DECREES** that:

The United States is granted two real property interests as described below. Over Tract RGV-RGC-9064, which is a 0.610-acre parcel of land more particularly described in Schedules C and D of the United States' "Complaint in Condemnation,"[3] the United States is granted a fee simple absolute interest subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production, and removal of said minerals; and excepting and

---

[1] Dkt. No. 23.
[2] Dkt. No. 24.
[3] Dkt. No. 1-1 at 5–15.

excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier. Over Tract RGV-RGC-9064-1, which is a 0.801-acre parcel of land more particularly described in Schedules C and D of the United States' "Complaint in Condemnation,"[4] the United States is granted a fee simple absolute interest subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production, and removal of said minerals; and excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier. The United States is granted immediate possession of its real property interests granted herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken: to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of twelve thousand five hundred fifty-eight dollars ($12,558), together with any interest earned while on deposit in the registry of the Court,[5] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tracts RGV-RGC

---

[4] Dkt. No. 1-1 at 5–15.
[5] *See* Dkt. No. 6; 40 U.S.C. § 3116.

9064 and RGV-RGC-9064-1 and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of October 21, 2020,[6] shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse the $12,558 on deposit in the Court's registry,[7] in the amount of $4,186 together with a one-third share of the interest to each of Defendants Jose Gutierrez, Roberto Gutierrez, and Hector Gutierrez.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendants Jose Gutierrez, Roberto Gutierrez, and Hector Gutierrez shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Jose Gutierrez, Roberto Gutierrez, and Hector Gutierrez. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS**

---

[6] *See* Dkt. No. 1-1 at 19 (identifying $12,558 as just compensation); Dkt. No. 6 (Oct. 21, 2020) (the Clerk of the Court's receipt for the deposit of $12,558); 40 U.S.C. § 3114(b)(1)–(2) (once the estimated amount of just compensation is deposited, the land is condemned and taken and title vests in the government); *see United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. Unit A 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").
[7] Dkt. No. 6.

**MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of May 2021.

_____
Micaela Alvarez
United States District Judge

